UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ETTA C. CURTIS                                                                         PLAINTIFF

vs.                                            CIVIL ACTION NO. 3:14-cv-389-CWR-LRA

SELECT MEDICAL CORPORATION
AND LIBERTY INSURANCE CORPORATION                              DEFENDANTS

---

## ORDER

---

This cause is before the Court on Plaintiff's Motion to Compel Discovery [60].

Defendant Liberty Insurance Corporation ("Liberty") has objected to Plaintiff's Interrogatory

No. 16 and Requests Nos. 19, 22, and 23 of Plaintiff's second set of requests for production of

documents.  Having considered the parties' filings, the undersigned concludes that the motion

should be granted in part and denied in part, as set forth herein.

Plaintiff's Interrogatory No. 16 asks Liberty to identify the date it received or became

aware of various correspondence between Dave Peterson and Tara Clifford – counsel for

Plaintiff and Liberty, respectively, in the underlying workers' compensation matter.  Plaintiff

argues that the actual date of receipt by Liberty cannot be considered privileged and is relevant

to the claims of inadequate investigation and bad faith denial of benefits.  Liberty objects,

asserting that any communication between Clifford and Liberty falls under the attorney-client

privilege or work-product doctrine.

Plaintiff alleges that Defendant, in bad faith, denied and/or delayed the payment of

workers' compensation benefits.  Because state law supplies the rule of decision in this matter,

state law also governs application of privilege. Fed. R. Evid. 501.  The Mississippi Supreme

Court has held that "the [attorney-client] privilege relates to and covers all information regarding the client received by the attorney in his professional capacity and in the course of his representation of the client." *Barnes v. State*, 460 So. 2d 126, 131 (Miss. 1984). "Further, '[t]he privilege does not require the communication to contain purely legal analysis or advice . . ." but rather, the privilege applies if the communication "would facilitate the rendition of legal services or advice. . . ." *Dunn v. State Farm Fire & Cas. Co.*, 927 F. 2d 869, 875 (5th Cir. 1991). The privilege does not apply, however, if the communication "reveal[s] nothing given in confidence [and does] not involve an attorney's advice emanating from an attorney/client relationship. . . ." *Rogers v. State*, 266 So. 2d 10, 20 (Miss. 1972). Indeed, in order to be protected, the communication must meet "the confidentiality test of Mississippi Rule of Evidence 502, which states: 'A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client. . . .'" *Hayden v. State*, 972 So. 2d 525, 533 (Miss. 2007) (quoting Miss. R. Evid. 502(b)).

Plaintiff concedes that Clifford represented Liberty in the underlying workers' compensation claim, and that the correspondence between Clifford and Peterson mentioned in Interrogatory No. 16 discussed the underlying claim. Plaintiff, however, requests only the date that Liberty became aware of certain correspondence, including copies of pleadings and e-mails between opposing counsel, regarding the underlying proceedings before the Mississippi Workers' Compensation Commission. Plaintiff does not request the substance of how the information was transmitted to Liberty, but rather, only *whether* and *when* Liberty gained knowledge of the correspondence.

2

Inasmuch as Plaintiff's request is limited to the date Liberty gained knowledge of correspondence between its attorney and a third party, it cannot be said that Liberty had an expectation of confidentiality or privilege in whether or when it learned of that correspondence. Just as "privileged communications do not extend to [an attorney] acting as a mere scrivener," the same can be said when the attorney is acting as a mere messenger, relaying information to his client. *Rogers*, 266 So. 2d at 20 (citations omitted). The work-product doctrine similarly cannot preclude discovery of whether and when Liberty gained knowledge of the correspondence, which was generated by or forwarded to a party opponent. For these reasons, Plaintiff's motion to compel is granted as to Interrogatory No. 16.

Plaintiff's Request for Production No. 19 seeks booklets or documents relating to handling workers' compensation claims in Mississippi or training Mississippi claims handlers, as identified during the deposition of William Bucher, claims manager for Liberty. During his deposition, Bucher specifically mentioned: (a) a set of "overarching quality standards" given to case handlers, contained in a 4-5 page document; and (b) training materials unique to Mississippi, including a booklet and single-page sheets. Plaintiff contends that she is entitled to review these Mississippi-specific materials, as they are relevant to the handling of Plaintiff's claim. Liberty objects on the grounds that the request is overbroad, vague, and seeks confidential and proprietary information. Liberty further argues that the request is not reasonably calculated to lead to discovery of evidence, as Plaintiff has not alleged inadequate training in the matter.

"Parties may seek obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). In her complaint, Plaintiff alleges bad faith by Liberty "in the investigation, administration and provision of [Plaintiff's]

3

compensation benefits."  Although inadequate training is not alleged, Liberty's training materials, especially those specific to Mississippi claims handlers, are relevant to Plaintiff's assertion that her claim was not handled properly.  Further, Request for Production No. 19 does not cast a wide net; but rather, it limits the material sought to those documents "identified by William Bucher."  Liberty claims that the documents are proprietary in nature, but fails to show why production of the documents in this matter would be harmful to its business.  For these reasons, Plaintiff's motion to compel is granted as to Request for Production No. 19.  A protective order will be entered regarding these materials if requested by Defendant.

Plaintiff's Requests for Production Nos. 22 and 23 request medical records of Liberty employee Kathy Woychick related to, respectively, the diagnosis or treatment of Woychick's rheumatoidal arthritis, and the treatment of Woychick's rheumatoidal arthritis during 2013 and January 2014.  Plaintiff argues that the documents are discoverable because Woychick, during deposition testimony, raised her health condition as an excuse for Liberty's denial or delay of benefits in this case.  Liberty contends that the medical records are private and that the request is irrelevant.  Liberty further contends that is not in possession of Woychick's medical records.

It is elementary that if Liberty does not possess Woychick's medical records, then Liberty cannot be compelled to produce the requested records.  Plaintiff has presented no evidence that Liberty does, in fact, possess Woychick's medical records.  The motion to compel is therefore denied as to Requests for Production Nos. 22 and 23.[1]

Plaintiff's Request for Production No. 1 seeks the original, unredacted claims file for the underlying workers' compensation claim.  Liberty has produced a redacted copy of the claim file

---

[1] In reaching this conclusion, no discussion concerning the relevancy or confidentiality of the medical records is necessary.

to Plaintiff.  Plaintiff contends that she is entitled to know when Liberty received pleadings, orders, and other information, and further, to unredacted claim notes to determine the facts associated with the investigation and benefit decisions.  Liberty objects, asserting that redaction is proper based on the attorney-client privilege, work product doctrine, and common interest/joint defense privilege.

As discussed *supra*, the attorney-client privilege protects communications that "facilitate[s] the rendition of legal services."  ***Dunn***, 927 F. 2d at 875.  As identified by Liberty, the bulk of the redacted information in the "claim file" consists of communication between Kathleen Woychick and Tara Clifford, discussing Clifford's representation of Liberty.  Those communications are protected by the attorney-client privilege.  Further, the documents and notes described as "strategy" qualify as protected work-product, as upon any reason to question Plaintiff's initial claim, Liberty "could anticipate litigation."  ***Id.***  Moreover, it must also be noted that in reviewing the claim file and its redactions, Liberty appears to have redacted only those portions of communications or notes which relate to the attorney's representation of Liberty. Facts and other communications were not redacted, which is consistent with Liberty's assertion that it has not abused the discovery process with improper objections.  The motion to compel is therefore denied as to Request for Production No. 1.

The Court notes that Plaintiff has not complied with Local Rule 7(b)(2)(B) regarding the time for filing discovery motions.  The discovery deadline in this matter was May 5, 2015, and the motion to compel was filed on May 4, 2015.  Local Rule 7(b)(2)(B) requires that "[a] party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery

deadline." L.U.Civ.R. 7(b)(2)(B).   The rule is not being applied on this occasion, but the attorneys are cautioned to file discovery motions at least 30 days prior to the close of discovery.

IT IS HEREBY ORDERED that the Motion to Compel [60] is **granted in part and denied in part** as set forth herein.  Liberty shall provide responses and make the appropriate production regarding Interrogatory No. 16 and Request for Production No. 19 on or before August 11, 2015.

So ordered, this the 28th day of July, 2015.


___S/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE

6